CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SEASPAN SHIP MANAGEMENT, LTD., and
SEASPAN CORPORATION,

                      Plaintiffs,

                      08 CV _____

    v.

                      **COMPLAINT**

UNITED STATES OF AMERICA,

                      Defendant.
-----------------------------------------------------------------X

      Plaintiffs SEASPAN SHIP MANAGEMENT, LTD., and SEASPAN CORPORATION (hereinafter, collectively "Seaspan"), by their attorneys, as and for its Complaint against the Defendant UNITED STATES OF AMERICA (hereinafter "United States"), alleges upon information and belief as follows:

### JURISDICTION & THE PARTIES

1.     This is an admiralty and maritime action against the United States over which the court has subject matter jurisdiction under the Suits in Admiralty Act, 46 U.S.C. §§741-752, and an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h). In the alternative, if this is not an admiralty and maritime action, it is within the court's subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §1346(b).

2.  Plaintiffs are foreign corporations and were at all material times the owner and manager of the M/V NEW DELHI EXPRESS, which ran aground on April 15, 2006. At all material times before its grounding, the M/V NEW DELHI EXPRESS was in all respects, tight, staunch, seaworthy and properly manned and equipped.

3.  At all material times, defendant United States, was and still is a sovereign state, which has consented to be sued in certain admiralty and maritime cases under the provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 741-752, and under the Federal Tort Claims Act, 28 U.S.C. §1346, in actions which are not admiralty and maritime. This action falls within the scope of one of those Acts.

## CAUSE OF ACTION FOR NEGLIGENCE

4.  Defendant United States, its agents the National Ocean Service, National Oceanic and Atmospheric Administration, and the United States Coast Guard, and their employees, assumed the responsibility for and undertook to establish and maintain charts, publications, and other aids to vessels navigating the waters of the East Coast of the United States, including the navigable waters of the United States and of the State of New York named the Kill Van Kull. While acting in the course and scope of their office or employment, employees of the United States performed these responsibilities negligently, causing the loss of the M/V NEW DELHI EXPRESS.

5.  In reliance on official charts, publications and navigational aids of the National Ocean Service and the National Oceanic and Atmospheric Administration, the use of which were mandated by the United States Coast Guard, and the navigational aids positioned and maintained by the United States Coast Guard, the M/V NEW DELHI EXPRESS grounded in the Kill Van Kull while executing a turn and using Bergen Point Lighted Buoy 14 (LLNR 37325) ("Buoy 14") as a navigational point of reference.

6. Unbeknownst to the Master, compulsory docking pilot or to the Plaintiffs, the United States Coast Guard negligently failed to maintain the position of Buoy 14 and/or the National Ocean Service and the National Oceanic and Atmospheric Administration negligently failed to modify the official charts and publications and/or provide notice to reflect the new location, about twenty-five (25) yards from its documented position, of Buoy 14.

7. The National Ocean Service, the National Oceanic and Atmospheric Administration, the United States Coast Guard, and their employees, were negligent in the exercise of their duties in, among others, one or more of the following particulars:

    a. In allowing Buoy 14, which marks the outer edge of the shipping lane of the Kill Van Kull, to drift out of position and, in spite of knowing this change in position, not correcting the position of said navigational aid buoy;

    b. In publishing the Light List, Volume 1, Atlantic Coast, 2006, an official publication of the United States Coast Guard, without any update or Local Notice to Mariners that the designated position of Buoy 14 had changed;

    c. In requiring the M/V NEW DELHI EXPRESS to carry aboard and consult NOAA Chart 12333, or an equivalent chart based on said chart, and the United States Coast Guard Light List;

    d. In failing to publish on NOAA Chart 12333, 34th Edition, published in December of 2005, any warning that the designated position of Buoy 14 had changed;

    e. In failing to publish in Light List, Volume 1, Atlantic Coast, 2006, or its updates, sufficient warning that the designated position of Buoy 14 had changed;

    f. In failing to publish on Chart 12333 sufficient warning that the designated position of Buoy 14 had changed; and/or

    g. In failing to warn or properly warn the Master of the M/V NEW DELHI EXPRESS and/or the compulsory pilot that the designated position of Buoy 14 had changed.

As a result of the negligent acts and omissions of the employees of the United States in the scope of their office and employment, the vessel ran aground and suffered significant damage.

The grounding, and all losses and damages resulting from the grounding, were not caused or contributed to by any fault, negligence or lack of due care on the part of the Plaintiffs or the M/V NEW DELHI EXPRESS, or any person in charge of her, but were solely due to and caused wholly by the faults, negligence and lack of due care on the part of employees of the United States.

By reason of the grounding, the Plaintiffs have sustained damages in the approximate sum of US $3,000,000.00, the exact amount to be proven at trial, plus awardable costs and interest.

WHEREFORE, Plaintiffs Seaspan demand judgment against Defendant for their damages as alleged, and for such further relief as may be just and proper.

Dated: Port Washington, New York
       January 10, 2008

                                        CHALOS, O'CONNOR & DUFFY, LLP
                                        Attorneys for Plaintiffs

                                 By:    _____
                                        Eugene J. O'Connor (EO-9925)
                                        Timothy Semenoro (TS-6847)
                                        366 Main Street
                                        Port Washington, New York 11050
                                        Tel:  (516) 767-3600 / Fax:  (516) 767-3605

4